UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CASE NO: 25-CV-12311

KAVEH LOTFOLAH AFRASIABI,    )

    Plaintiff,    )

    v.    )

PIERS MORGAN, ET ALL,    )

    Defendants.    )



*Emergency*

**PLAINTIFF'S SUPPLEMENTARY OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**

Plaintiff Afrasiabi now files this supplementary opposition to Defendants' Motion To Stay Discovery. This Motion references the arguments presented in Defendants' Motion To Dismiss, thus repeating and recycling a number of factual inaccuracies and false assertions made against the Plaintiff. Plaintiff has already debunked a number of them in the Plaintiff's Opposition to Motion to Stay Discovery, such as the false claim that there is no evidence of malice, whereas on the contrary there are several irrefutable evidence of malice, including re-publication, implausible denial, etc. Plaintiff now draws the court's attention to more glaring factual inaccuracies in Defendants' pleadings before the court, warranting the denial of their Motion To Stay Discovery. To elaborate:

(1) Defendants in their Memorandum of Law in support of the Motion to Dismiss have accused the plaintiff of making a false statement regarding his defamation lawsuit against UPI, stating that "In reality, the court dismissed his defamation lawsuit." P. 5, note 2.  But, this overlooks that Plaintiff appealed the decision and reached an out of court settlement with the defendant UPI, whereby UPI (a) recanted its "spy" allegation against the Plaintiff and re-published the article in question by deleting the word "spy" which was in the headline only, *See Exhibit Number 1*: UPI article with the headline "Iranian arrested by FBI was wolf in sheep's skin" and (b) agreed to a monetary compensation to the Plaintiff.  The Defendants settled out of court primarily because the Plaintiff had a strong argument, e.g., that the judge's "speculative" ruling constituted an error of law. See Exhibits 3, settlement agreement between UPI and Afrasiabi, and the email of UPI's attorney regarding the monetary settlement.[1]

Thus, in light of Plaintiff's **success** in forcing a deletion of the label spy attached to him in UPI's article, and **receiving** a sizable monetary compensation from the UPI confirms his description of the lawsuit as a success, given the very purpose of his lawsuit to achieve these ends.  Defendants in this instant action are therefore simply wrong in claiming that Plaintiff has made a false claim about the action against UPI.

---

[1] Due to the confidential nature of the settlement agreement, Plaintiff presents only page 1 with the redacted part on the amount of settlement given to the Plaintiff by the Defendants in November, 2021.

(2) **Defendants have deliberately distorted the nature of court's decision in the case** of Afrasiabi v. UPI, and its relevance to the present case. But, this case is entirely different and the UPI decision is not the panacea that they think it is. (A). In their Memorandum of Law, Defendants state:"Judge Burrough recognized in a different defamation action brought by the plaintiff that the Government's charges against Dr. Afrasiabi "would justify labeling him a "spy." Memorandum, P. 1. But, this is a <u>false representation</u> of the judge's decision that was vastly different: "Given the charges brought against Dr. Afrasiabi and the government description of his conduct...one could reasonably conclude that, **if proven true**, those allegations would justify labeling him a "spy." See the Transcript of Memorandum and Order on UPI's Motion For Judgment on the Pleadings, identified herein as Exhibit Number 4. Yet, the Defendants, by deliberately deleting the important provisio or qualification "if proven true," have distorted the meaning and connotation of the judge's decision, **which is speculative**.[2] The Defendants have relied on a legally questionable "ifs and buts" footnote,[3] while dispensing with the important parts of that decision that do not comport with their position. The qualification "if proven true" also simply means that the

---

[2] The principle that judges must not rely on speculation or conjecture is a cornerstone of American law, upheld by the U.S. Supreme Court through several cases. In the U.S. Supreme Court, the principle of avoiding speculative judgments is rooted in the broader legal philosophy of judicial restraint. This principle ensures that courts base decisions on the specific facts and relevant law of a case, rather than on hypothetical "ifs and buts."

[3] Blankenship v. NBCUniversal, LLC, No. 2:20-CV-000278, 2022 WL 329120, at *6 (S.D.W. Va. Feb. 2, 2022), aff'd, 60 F.4th 744 (4th Cir. 2023), cert. denied, 144 S. Ct. 5, 217 L. Ed. 2d 151 (2023) (rejecting plaintiff's argument citing dicta from a footnote of the Supreme Court's decision in Hutchinson v. Proxmire, 443 U.S. 111 (1979).

court delegated the decision, on the applicability of the term "spy" vis-à-vis Afrasiabi, to a future determination of the case. This is in sharp contrast to the Defendants' deliberate misrepresentation of the decision as if a final determination on this matter has been made.

(B) The gist of the UPI decision was that the "spy" label was in the headline only, of an opinion article in the opinion section of a news outlet, deemed "nonactionable opinion." Defendants dispense with stark differences between the two cases, falsely claiming that the "spy" label has already been settled in the UPI case when, in fact, the decision simply speculated, contrary to the settled principles of law.  The differences between the two cases are as follows:

1. The UPI recanted and deleted its sole reference to Plaintiff as spy, whereas the defendants refused to recant and repeatedly on five separate occasions re-published their defamatory statement;

2. There was no allegation that Afrasiabi "had been charged with spying" in the UPI case, which is the case in this instant case, i.e., a different, more direct imputation of the allegation of crime of spying to Afrasiabi by the Defendants on five separate occasions;

3. The UPI allegation of spying was limited to an article's headline and the article's content had correctly stated the FARA charges without invoking the word spy, whereas the Defendants have made a factual statement, claiming their allegation that Afrasiabi had been charged with spying for Iran is a "fact." This is vastly different from the UPI case where the judge stated: "Here, context

makes clear that the headline is opinion, not fact… **Although the term "spy" is arguably capable of being proved false.**"

4. The UPI decision revolved around the argument that headlines should be given a great leeway, a decision widely criticized in the legal community, e.g.,

"Richard J. Peltz-Steele, a media law professor at the University of Massachusetts School of Law in Dartmouth, cautioned that Burroughs' decision should not be read to imply that headlines are immune from liability.

"I rate 'spy' here as sloppy and risky, even if non-defamatory," Peltz-Steele said. "What does 'spy' mean without the [Foreign Agent Registration Act] context? It means espionage to me, and I think I'm a reasonable reader. So I fear that the court's conclusion sends the wrong message. An implication of duplicity, in the abstract, is potentially defamatory."

In fact, Peltz-Steele said, the U.S. Supreme Court held actionable an implication of duplicity, specifically the allegation of lying in a public hearing, in *Milkovich v. Lorain Journal Co.*, the 1990 decision that articulated the modern fact/opinion dichotomy.

"In the abstract, the headline here comes awfully close to *Milkovich*," he said."[4]

Notwithstanding the above-said, the Defendants are, in effect, pleading with this court to repeat the same judicial error above-mentioned in the UPI case and, worse, to ignore the commission of several independent acts of defamation by the Defendants, each disseminating a defamatory falsehood to millions of viewers, under the guise that the matter has already been settled in the UPI case. This court should not fall in the trap of this false argument that centers on a willful emasculation and distortion of the UPI decision above-mentioned.[5]

---

[4] "BU Professor can't bring defamation claim against wire service": https://fogelmanlawfirm.com/press/bu-professor-cant-bring-defamation-claim-against-wire-service/.

[5] The US government in its plea offer to the Plaintiff conceded that the Plaintiff had not written any pro-Iran propaganda books or articles. See Plaintiff's Affidavit. The claim, e..g., by Judge Burrough, that FBI only found out in 2021 about Afrasiabi's relation with Iran's Mission is flatly contradicted by the 33000 hours of his taped

In conclusion, the Defendants' Motion to Stay Discovery should be denied because by law the Plaintiff is entitled to discovery in an action where there are factual issues in dispute and the Defendants have repeatedly misrepresented important facts and misrepresented a court's decision and its remote connection to the present case.

Respectfully Submitted

*K.L. Afrasiabi*
Kaveh L. Afrasiabi, Ph.D.

103 Indian Hill Road

Carlisle, MA 01741

(717) 3199276

Certificate of Service: A true copy of this Supplementary Opposition has been served upon the opposing counsel Rachel Strom and Justin O'Brien by first class mail on this date, September 27, 2025.

---

conversation dating back to 2007, as well as the US government's own acknowledgment of knowledge of Afrasiabi's receipt of monthly check from a UN bank account as of early 2007. The Defendants' claim that the government had alleged that Afrasiabi "drafted" a letter for a US Congressman (in 2012) is also factually false. The Congressman, Dennis Kucinich, after Afrasiabi's interview with him on Arab-Israeli conflict for the website Global Power Barometer (sponsored by Washington Post/CNN), as a courtesy sent Afrasiabi his letter to President Obama and at no point did Afrasiabi make any suggestion to alter or revise the letter, or had any role in drafting it. Afrasiabi fully supported President Obama's nuclear negotiations with Iran repeatedly on Voice of America, as a diplomatic means to resolve the vexing nuclear issue, in tandem with his self-understanding as a responsible political scientist committed to peace and author of several scholarly books on UN, Middle East, and Iran's foreign policy.