UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CASE NO: 25-CV-12311

KAVEH LOTFOLAH AFRASIABI, )
    Plaintiff, )
    v. )
PIERS MORGAN, ET ALL, )
    Defendants. )



## PLAINTIFF'S SECOND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT: OTHER RELEVANT CASES: VERITS V CABLE NETWORK NEWS; NOONAN V. STAPLES

Pursuant to the Federal Rules of Evidence 201, Plaintiff Afrasiabi, Pro Se, prays the Court to take judicial notice of two relevant cases that are as follows:

1. *Veritas V. Cable Network News*, No. 22-11270 (U.S. Court of Appeals, 11st Circuit, 2024);

2. *Noonan V. Staples*, US Court of Appeals for the District of Massachusetss,, 556 F.3d 20 (1st Cir. 2009)

**The Legal Standard**

The above-mentioned documents are pertinent to Plaintiff's Complaint. Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009). Both are defamation cases in which the plaintiffs alleging defamation of characters prevailed in court.

In *Veritas*, the US Court of Appeals For the Eleventh District vacated a district court's decision that "improperly weighed reputational harm when it should have compared the facts and meaning of the defamatory statements with the purported truth." (P. 15). The Court also found: "Veritas committed one infraction; CNN accused it of a completely different one."(P. 20). Circuit justice Ed Carnes concurred and wrote: "I write separately to explain why falsely reporting that Project Veritas had been suspended from a broadcast platform for spreading or promoting misinformation satisfies any reputational harm requirement of actual malice." (P. 22). The Court's finding that the defendants' statements concerning the plaintiff were not substantially true and were actionable applies, mutatis mutandis, to the present action.

Similarly, in Noonan, the US Court of Appeals for the 1st Circuit set the standard on defamation cases, e.g., the court adopted a definition of "actual malice" as "ill will" and found that a jury could reasonably infer ill will from the defendant's actions.

Plaintiff states that the court opinions in both cases above-mentioned are reproduced and printed accurately as they appear in the courts' records.

Date: October 4, 2025

Respectfully Submitted,

*[signature]*
Kaveh L. Afrasiabi, Pro Se

103 Indian Hill Road

Carlisle, MA 01741

(617) 319-9276

Certificate of Service: A true copy of Plaintiff's Second Request for Judicial Notice has been served on the opposing counsel on record on this date, October 4, 2025.


Kaveh Afrasiabi