UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KAVEH L. AFRASIABI,

    Plaintiff,

v.

PIERS MORGAN, BHARATI NAIK, and
WAKE UP PRODUCTIONS, LTD.

    Defendants.

CIVIL ACTION NO. 25-cv-12311-BEM

DEMAND FOR JURY TRIAL

PLAINTIFF'S URGENT LETTER TO COURT REGARDING THE HEARING ON NOVEMBER 17, 2025

Dear Judge Murphy,

I write this letter to express my sincere gratitude for a fair and impartial hearing on November 17, 2025. In my humble opinion, having dealt with a generation of older justices in this Court, Your Honor represents a much-needed new generation of justices upholding the lofty principle of equal justice.

At the same time, I must take exception to Your Honor's decision to deny my motion for sanctions on attorney Strom without, however, allowing me to defend that motion. I had simply followed Your Honor's instruction of incorporating the issues of motion for sanctions to the motion to dismiss argument when Your Honor in the middle of my presentation doing exactly that instructed me to focus on motion to dismiss rather than attorney Strom, who continued with her systematic pattern of falsehood, misrepresentation of facts, and total disregard for this court's rules of procedure with her presentation, thus crossing all bounds of legal decency.

To elaborate,

1

1. Attorney Strom repeated her known hostility toward Judge Korman's finding of no spy allegation by going one step further and dismissing it as a "literal statement" and not a finding, whereas as clearly established in my Statement on 12 Ground For Denying the Motion To Dismiss, the judge actually 'litigated' the matter and put it to rest, thus foreclosing attorney Strom's sinister attempt to throw doubt on it and to deny that it represents a veritable evidence of "material falsity" of attorney Strom's repeated statement that the statement I was "arrested on charges of spying for Iran" is "true" and "accurate."

2. Attorney Strom repeated her false claims about my article in Modern Diplomacy, despite knowing that the standards of the 1st Circuit on exceptions to Rule 12 (d) do not apply and the said article falls outside the pleadings and cannot be considered for a motion to dismiss 12 (b) (6) (unless the judge converts it to a 56 motion for summary judgment). I draw Your Honor's attention to the 1st Circuit authorities I have cited in my Statement to the Court yesterday.

3. Attorney Strom had no response to my complaint that the Motion to Dismiss is fundamentally insufficient, non-responsive and evasive, by virtue of ignoring the multiple instances of written libel (i.e., several posts where the Defendants falsely claim as a "fact" that I had been "arrested on charges of spying for Iran", i.e., prima faci evidence of defamation per se). Her only response was by pointing at the internet links of those posts in a footnote, in the Defendants' Memorandum of Law, as if that is a proper substitute for addressing the Plaintiff's allegations of libel. Incidentally, those links relate to the video clip of the segment, pertaining to

the challenged slander, and at any rate, there is no discussion of the Plaintiff's claim of libelous posts by the Defendants.

4. Attorney Strom did not respond to my point that her claim that the correct information about my arrest had been provided to the defendants "after the publication" was false. And, indeed, how can she, in light of the (a) my correct information provided to defendant Morgan during the interview, five times, and (b) my emails and telephone messages for the defendants, provided to the court as exhibits attached to my Memorandum of Law in Opposition to Defendants Motion to Dismiss. This false claim is simply a tip of a melting iceberg that is the motion to dismiss.

5. Attorney Strom had no response to my point that contrary to the claim, in the Defendants' Memorandum of Law, P. 6, that I had not cited any statute for my defamation claim, in fact I have done precisely that by citing the Massachusetts statute on defamation in Section 20 of the Complaint. Such blatant lies are, as stated yesterday, endless in attorney Strom's submissions to the court.

6. Attorney Strom had no response/defense to my criticism that her claim that I had "argued" that the Defendants should have said "if proven true" on the segment is a pure fabrication and another blatant lie intended to exploit my pro se status and to gain advantage with the court.

7. Attorney Strom denied my complaint that in a crucial sentence in her Memorandum of Law, the hypothetical "if prove true" of Judge Burrough's decision was not mentioned, in order to give a misleading impression to the court.

3

Dear Judge Murphy:

I ask: How many examples of outright litigation abuse is necessary before the Court puts its foot down and apply the court's rules of professional conduct? And how can I expect a fair verdict on the Motion to Dismiss when so many irrefutable evidence of attorney misconduct is not taken into consideration? Attorney Strom is now emboldened with her conduct unbecoming an attorney, above-cited, by the Court's willingness to look the other way and to ignore her systematic pattern of pathological falsehood painted on by a charming façade. I implore Your Honor to uphold the ethical principles of this hallowed hall of justice and to put a stop to this pattern of attorney misconduct. As a political scientist who has taught courses on American government and law and justice in America for many years, I am appalled by attorney Strom's unapologetic misconduct -- that is premised on the hope that the Court will give priority to her over a pro se emigrant. Yet, this Court is dutifully bound to the principle of equal justice irrespective of the color of skin, religious convictions, and the like.

To conclude, I implore Your Honor to reconsider the denial of my motion for sanctions on attorney Strom, particularly for her disdainful and contemptuous attitude vis-à-vis Judge Korman's crucial finding of no spy allegations against me.

As a resident of the Commonwealth of Massachusetts for over 50 years, who has made serious contributions to this Commonwealth's academic and intellectual vibrance through my wealth of publications, held in numerous libraries across the state, I ask Your Honor to let this case to go forward and to disallow the Defendants thousands of miles an ocean away to succeed with their horrendous, unlawful global campaign of humiliation against

4

me, irrespective of how lavishly they spend on their Kafkaesque errand hands to perpetuate that campaign under the thin guise of litigation. It is supremely unfair to me to allow the sinister objective of the opposition to label me as a spy forever if the motion to dismiss is allowed, sure to be trumpeted by the Defendants all over the world, irrespective of the simple fact that I was never accused or charged with spying and the FARA charges are an ocean away from spy (espionage) charges.

In conclusion, it is noteworthy that at the hearing, attorney Strom quoted the 1st Trump administration DOJ attorney John Demers, who made the announcement regarding my arrest in January 2021, and who was shortly thereafter forced out by President Biden amid a scandal over the wiretapping of Democrats.[1] The latter, indeed, reminds one of the London high court justice's finding that the Defendant Morgan was implicated in a similar misconduct,[2] denied by Defendant Morgan,[3] just as he and his attorneys have denied any misconduct in this matter. Such implausible denials should be viewed with skepticism by Your Honor.

Respectfully Submitted,

K. L. Afrasiabi

Kaveh L. Afrasiabi, Pro Se
Date: November 17, 2025

Certificate of Service: A true copy of this Letter to Court has been provided to the opposing counsel on this date, November 18, 2025.

---

[1] https://www.fox2detroit.com/news/justice-official-resigning-amid-uproar-over-seized-democrats-data.
[2] https://www.reuters.com/world/uk/piers-morgan-knew-about-phone-hacking-daily-mirror-london-judge-finds-2023-12-15/.
[3] https://www.theguardian.com/media/2023/dec/15/piers-morgan-denies-knowing-phone-hacking-judge-rules-did-prince-harry.

5