UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Case No: 25-CV-12311

KAVEH L. AFRASIABI,            )
       Plaintiff,                    )
       v.                                 )
PIERS MORGAN, BHARATI NAIK,)
WAKE UP PRODUCTIONS, LTD.  )
       Defendants.                )

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ODER OF NOVEMBER 25, 2025 DISMISSING THE COMPLAINT, AND PLAINTIFF'S MEMORANDUM OF LAW**

Plaintiff Kaveh L. Afrasiabi, Pro Se, herein moves the Honorable Court for leave to file Plaintiff's Motion For Reconsideration of the Order of November 25, 2025 granting the Defendants' Motion to Dismiss ("Order"), and the Plaintiff's Memorandum of Law thereto. Pursuant to the relevant Fed. R. Civ. Procedure., 59 (e) and 60 (b), as well as the Court's local rule 7.1, Plaintiff states that a reconsideration of the Order is warranted as a matter of law, in light of the Order's manifest errors of law and facts and the interest of justice to prevent an injustice to the Plaintiff, who has been maligned by the tortious actions of the Defendants complained of. The Court's Order, by virtue of its multiple errors of law favoring the Defendants, offends "traditional notion of fair play and substantial justice." *Miliken v. Meyer,* 311 U.S. 457m 85 L,Ed, 278 (1940).

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

## 1. The Standard of Motion For Reconsideration

Under Fed. R. Civ.. 59 (e), a party may direct the district court's attention to a manifest error of law or fact enabling the court to correct its own error. *Ayber v. Crispin-Reyes, 118 F.3d 10, 15 (1st circuit, 1997)*. "When faced with a motion to reconsider, the district court must apply an interest-of-justice test." *Douglas v. York County*, 360 F.3d 286, 290 (1st Circuit, 2004). Clear error of law is one of the standards for a motion for reconsideration. *United States v. Connel*, 67, F.3d, 27, 31 (1st Circuit, 1993); *Christianson v. Colt Indus. Operating Corp.* 486 U.S., 800, 817 (1988)(reconsideration of an order is warranted "when the decision was clearly erroneous and would involve a manifest injustice."). The standard of "clear error" is met when the decision is not "plausible in light of the record in its entirety." *Antony v. Duty Free Arms, Inc.*, 705 F. Supp. 2d 112, 115 (D. Mass, 2010); *Anderson v. City of Bessmemer City*, 470 U.S., 564-574 (1985). The court has "substantial discretion and authority to grant or deny" a motion for reconsideration pursuant to either Fed. R. Civ. P. 59 ( e) or 60 (b). *Kansky v. Coca-Cola Bottling Co. of New Eng.*, 492 F.3d, 54, 60 (1st Circuit, 2007); *Palmer v. Cahmpion Mortg.*, 465 F.3d, 24, 30 (1st Circuit, 2006).[1] *Ruiz Rivera v. Pfizer Pharmeceutical, LLC*, 521 F.3d, 76, 84 (1st Circuit, 2008). *Sarro v. Philip Morris USA, Inc.*, 2012 U.S. Dist. LEXIS 29934 (D. Mass., 2014). *Ing v. Tufts*

---

[1] "Simple disagreement with the court's decision is not a basis for reconsideration." Ofari V. Ruby Tuesday, 205 Fed. Appx., 851 (1st Circuit, 2006).

*University*, No. 23-1030 (1st Cir. 2023).

## 2. Summary of Plaintiff's legal argument for the reconsideration of Order of November 25, 2045

The following are the ground for the Motion For Reconsideration:

(a) The Order's incorrect application of the fair report privilege;
(b) The Order's incorrect application of the related discussion of substantial truth/material falsity.
(c) The Order's failure to apply the correct standard on motion to dismiss, e.g., by failing to draw the necessary inferences in favor of the Plaintiff;
(d) The Order's undue reliance on the legally deficient hypothetical footnote in the case of Afrasiabi v. UPI;
(e) The Order's failure of an adequate judicial notice of federal Judge Edward Korman's finding of no spy allegation against the Plaintiff;
(f) The Order's failure to take into consideration the fatal flaws of Defendants' Motion to Dismiss;
(g) The Order's failure to consider the strong legal arguments made by the Plaintiff in the opposition to Defendants' Motion to Dismiss, in contrast to the Court's adoption at face value of Defendants' meritless arguments (suggesting a double standards). [2]

## 3. Legal Argument
### (A) The Order's Misapplication of the Fair Report Privilege

The Order adopts the Defendants' argument in the Motion to Dismiss that rests on the demonstrably flawed, deceptive, and clearly erroneous premise that the Defendants' statement concerning the Plaintiff, i.e.., that he had been "arrested on charges of spying for Iran," is a "fair" and "accurate" statement protected under the standard of fair report privilege and the related "substantially correct" standard. *Order. P. 2, 2ⁿᵈ Paragraph*. But, this Order overlooks that the

---

[2] The Order is also contradictory: It states that it does not endorse any statement made against the Plaintiff and, yet in the same breath, does exactly the opposite by holding that the Defendants' spy allegation is substantially true. A court order ought not to be contradictory, however, and it is an error of law to be so.

3

Defendants' statement was neither "fair" nor "accurate" and that it falls outside the purview of fair report privilege for several inter-related reasons, which are as follows:

First, all the case laws cited in the Order pertain to news organizations and it is unclear, and indeed quite a stretch, to extend this privilege to a talk show, which is considered a part of the entertainment industry.

Second, the defendants were not reporting on any government proceeding, but rather interviewing the Plaintiff on an international subject, and they breached their agreement with the Plaintiff on how to introduce him by alleging (falsely) that he had been arrested on spying charges. The fair report privilege therefore did not apply.

Third, the fair report privilege does not apply if the statement in question is substantially incorrect or inaccurate, i.e., if it is materially false. Contrary to the Defendants' statement, republished several times and broadcast to millions upon millions of viewers in the United States and elsewhere around the world, Plaintiff was never arrested for and charged with spying. The Order cites the indictment on charges of violating the Foreign Agent Registration Act (FARA) against the Plaintiff; nowhere in the indictment is the Plaintiff accused of spying and, in fact, the Indictment concedes, P. 2 (a), that the Plaintiff received a check from the Mission of Iran to UN, which he deposited under his own name in a bank account in New York (for his consulting role), i.e., Plaintiff was transparent about his employment with Iran's Mission.

Fourth, the Order itself acknowledges that there is a substantial difference between spying (espionage) charges and charges of violation of FARA, P. 2, Paragraph 2, yet fails to draw the necessary conclusion from this insight that the Defendants' conflation of the two charges and accusation of being arrested on spying charges is untenable and defamatory.

Fifth, the Order fails to recognize that the fair report privilege does not allow a reporter to make additions of his own that would convey a defamatory impression, nor to question the

4

veracity or integrity of any of the parties, which is exactly what the Defendants did to Plaintiff by falsely insinuating that his claim that he had not been arrested on spying charges was false and contrary to "the facts."

Sixth, the Order is implicated with the misapplication of several non-analogous cases with respect to the fair report privilege. Case in point is *Oort v. DaSilva*, 2004 WL 2070977, at 3 (Mass. Super. Sept. 15, 2004). Yet, Oort involved a newspaper reporting specifically on a woman being arrested for stabbing and the related police reports describing the incident. In Plaintiff's case, Defendant Morgan was not reporting on the facts surrounding Plaintiff's arrest or indictment – instead, he was introducing the Plaintiff in the context of a talk show segment on an entirely different topic. Another case is *Howell v. Enter. Publ'g Co.*, 455 Mass. 641 (2010), which identifies the principles undergirding the fair report privilege. But the problem here is that Howell is about **republication** of a defamatory statement – Defendants here didn't republish someone else's statement that Afrasiabi was accused of spying, because Afrasiabi was never accused of spying. A third case is *Yohe v. Nugent,* 321 F.3d 35 (1st Cir. 2003). This case turns on the limited information available at time of publication. In Afrasiabi's case, it was explicitly clear at the time of publication that Defendant Morgan was incorrect and, indeed, the Defendants themselves, in the Surreply Brief, have stated that the "correct information" about the Plaintiff's arrest was provided to the Defendants "after the publication."[3] A fourth case *is* Ricci v. Venture Magazine, 574 F.Supp. 1563 (D. Mass. 1983), a case that was resolved on summary judgment and not on motion to dismiss. Moreover, compared to Ricci, Plaintiff's complaint is sufficient for motion to dismiss purposes, as firmly established in Plaintiff's Memorandum of Law in

---

[3] Plaintiff in his Memorandum of Law in Opposition to Defendants Motion to Dismiss as well as Plaintiff's Statement of Twelve Ground For Denying the Motion to Dismiss, has proffered the evidence that the Defendants in fact knew their statements were incorrect prior to the publications. The Court should have taken note of the falsity of Defendants' statements in this regard.

5

Opposition to Motion Dismiss. A fifth case is *Scholz v. Bos. Herald, Inc.*, 2011 Mass. Super. LEXIS 281 (Mass. Super. Sept. 14, 2011). But in the plaintiff's complaint in Scholz, the plaintiff did not allege that the defendant inaccurately described the judicial proceedings or the positions of the parties – here, Plaintiff Afrasiabi has done exactly that. Pursuant to Scholz, a publication, even if fair and accurate, **may nonetheless lose the protection of the fair report privilege if it is published with "malice."** Under these circumstances, "malice" may mean "repetition of [a known] falsehood with a purpose to do the complainant maximum injury" i.e., what the Defendants have done with multiple republication of their defamatory statements to millions of viewers (with reckless disregard for the truth).

### (B) The Order's incorrect application of the related discussion of substantial truth/material falsity.

The Order has made a clear error of law by finding that the "gist" of Defendants' statement that Plaintiff had been arrested "on charges of spying for Iran" is true and contains "substantial truth." On the contrary, there is a huge and substantial difference between the FARA charges and espionage charges and therefore the "gist" argument is misapplied here. Fifth, FARA is a disclosure and transparency law, which means that the activities which the Plaintiff was accused of were legal and not prohibited, and the only requirement for them was doing the paper work with the Department of Justice, whereas spying is a crime of moral turpitude and "substantially different" from FARA violations. Any reasonable jury would, logically speaking, find that the Defendants' accusation of spying against the Plaintiff was bound to have a substantially worse impression on the average viewers, by depicting the Plaintiff as a treasonous traitor to the United States. This is because being accused of violating FARA's registration requirement **is tangibly**

6

**and materially** different than being accused of spying. In contrast to FARA, there is no amount of paper work that one could fill out to make "spying" legal.[4]

**© The Order's failure to apply the correct standard on motion to dismiss, e.g., by failing to draw the necessary inferences in favor of the Plaintiff**

The Order has failed to draw the reasonable inferences in favor of the non-movant as required by law. *SEC v. Tombone*, 597 F.3d 436, 441 (1st. Circuit, 2010)("We take the complaint's well-pleaded facts as true, and we draw all reasonable inferences in [plaintiff's] favor."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2002).  For the purpose of the Motion to Dismiss, the Order should have adopted Plaintiff's statement in the Complaint that he had "denied" the US government accusation of pro-Iran propaganda was false, publishing a compendium of his opinion pieces to prove his innocence. Comp. P. 5, Sec. 17. Yet, the Order ignores this and, instead, relies on the hypothetical footnote from Judge Burrough's opinion in the case of Afrasiabi v. UPI, which states that if the allegations against Afrasiabi were proven true, then the label spy would be justified.  Had the Court drawn the inference of Plaintiff's innocence of the allegations made against him, on the other hand, this would have prevented a miscarriage of justice in the form of the court's reliance on a hypothetical footnote to the contrary.

**(D) The Order's undue reliance on the legally deficient hypothetical footnote in the case of Afrasiabi v. UPI**

Contrary to the settled principles of law, the Order gives undue authority to a speculative footnote by Judge Burrough, by essentially treating it as "holding" which is problematic for several

---

[4] Plaintiff had a perfectly legitimate role as a consultant to a country mission at the UN, had published scholarly books and articles and given interviews on a host of international issues and, at the same time, had lodged a complaint to the Department of Justice (in 2016) against Harvard University for abusing his rights through the former senator John Kerry, whose letter to DOJ has been submitted to this court, i.e., diametrically opposite of how a spy behaves by putting himself under government scrutiny, The Order, by endorsing the spy allegation of Defendants in effect de-ligitimizes a legitimate work.

7

reasons. The Order should have contextualized that footnote that was part of a statement to that case that the Defendant's single use of spy label in the headline was "non-actionable opinion, whereas the Defendants' statements in this action were statements of facts. In fact, Judge Burrough did not resolve the issue of spying and stated: "Still, the Court need not definitely resolve the issue of whether calling someone a "spy" alone can be defamatory, because context leaves no doubt that the headline here was non-actionable opinion." *Kemp v. United States*, 142 S. Ct. 1856, 1861 & n.1, 213 L. Ed. 2d 90(2022(Rule 60 (1) (b) "mistake" includes an error of law.).

### Ɛ The Order's failure of an adequate judicial notice of federal Judge Edward Korman's finding of no spy allegation against the Plaintiff

The Order's failure to contextualize Judge Burrough's opinion stands in sharp contrast to the extent to which it contextualizes the opinion of another federal judge, Edward Korman, who presided over the FARA case against the Plaintiff. The Court goes out of its way to indicate its discomfort with Judge Korman's finding of no spying allegations against the Plaintiff. The Order does not provide a full account of Judge Korman's statement and dispenses with the rest of the sentence when the Judge asks the US assistant attorney to "correct" him if he was wrong on saying that the case did not involve spying. See Exhibit N0 1 attached to Plaintiff's Memorandum of Law in Oppostion to Motion to Dismiss. Judge Korman's statement, in the context of a status hearing, in effect settled the matter, as it was "litigated" as a non-issue. *Keystone Shopping co. v. New England Power Co., 109 F.3ʳᵈ 46, 52 (1ˢᵗ Cir. 1997)*("When an issue is properly raised and determined the issue is actually litigated"). <u>The Order should have regarded Judge Korman's finding of no spy allegations as controlling</u> and, by necessity, also as a proof of material falsity of Defendants' spy allegations. Instead, the Order upholds the latter by resorting to a pseudo-contextualization of Judge Korman's finding, in essence rendering it with any meaningful legal weight.

8

### (E) The Order's failure to take into consideration the fatal flaws of Defendants' Motion to Dismiss

The Order has made a manifest error of law by allowing a highly problematic and deficient Defendants' Motion to Dismiss, chiefly the Motion's failure to address the multiple issue of written libel. *See Plaintiff's Memorandum of Law in Opposition to Motion To Dismiss and Plaintiff's Statement of Twelve Ground For Denying the Motion to Dismiss.* The Order covers for this egregious shortcoming of the Motion To Dismiss by referring to the Defendants' post as "variations" of the Defendant Morgan's challenged statement, when, in fact, (a) those post dispense with any pretense of neutrality by deleting the word "allegedly," (b) imply that Plaintiff is a liar about the lack of spying charges against him, (c) depicting the Plaintiff as an irrational person who is "incensed" when confronted with "facts," thus defaming Afrasiabi with millions of viewers. A reasonable Court would have taken into consideration these multiple flaws of the Motion to Dismiss, instead of turning a blind eye to them and thus granting a meritless and highly deficient motion.[5]

### (F) The Order's failure to consider the strong legal arguments made by the Plaintiff in the opposition to Defendants' Motion to Dismiss, in contrast to the Court's adoption at face value of Defendants' meritless arguments (suggesting a double standards)

Notwithstanding the above-said, there is little doubt about a fundamental problem of legal favoritism and double standards on the part of the Court, resulting in a near complete obliviousness to the compelling legal arguments of the Plaintiff in his briefs submitted in opposition to the Motion to Dismiss, in contrast to the Court's adoption (at face value) all of the Defendants' arguments without any exception. This represents a complete subversion of the fundamental pillars of equal

---

[5] The Order's other problem is denying Plaintiff's motion for sanctions on attorney Strom, which cites more than a dozen misstatement of facts and deliberate misrepresentations of Plaintiff. By ignoring these flagrant evidence of unethical misconduct, the Court has in effect acted as an extension of the Defense instead of a neutral and impartial adjudicator of justice.

justice and, henceforth, the Court should reconsider its biased decision, beguiling the spirit of American justice.

Conclusion

    The foregoing legal argument has clearly highlighted the various errors of law discernible in the Order of dismissal and, wherefore, Plaintiff prays the Court to reconsider and to modify its decision dismissing the well-pleaded Complaint.

Respectfully Submitted,

*K. L. Afrasiabi*

Kaveh L. Afrasiabi, Pro Se

103 Indian Hill Road

Carlisle, MA 01741

Certificate of Service: A true copy of this Motion to Reconsider has been served upon the opposing counsel through regular first class mail, on this date, December 18, 2025, under the pains and penalty of perjury.