UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Case No: 25-CV-12311

KAVEH L. AFRASIABI,           )
       Plaintiff,           )
       v.                       )
PIERS MORGAN, BHARATI NAIK,)
WAKE UP PRODUCTIONS, LTD.  )
       Defendants.           )

**PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT, TO RULE ON PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY, AND MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

Now comes the Plaintiff Afrasiabi, Pro Se, and moves the Honorable Court to reconsider its order denying Plaintiff's motion to remand the case to the state court, where the Complaint was originally filed. Plaintiff also moves the court to rule on Plaintiff's Motion For Jurisdictional Discovery, notwithstanding the Court's Order of September 4, 2025 stating that " The Court has diversity jurisdiction insofar as this is an action between "[a] citizen[] of a State and citizens of a foreign state," 28 U.S.C. s. 1332(a)(2), with an amount in controversy exceeding $75,000." *Docket No. 24.*

However, the problem with the Court's Order is three-fold: First, as established in Plaintiff's Motion for Jurisdictional Discovery, Defendant Morgan is dual resident of United States and United Kingdom by his own admission on X (formerly Tweeter); he

also is a home owner in California and pays taxes in United States. Second, the Middlesex Superior Court has sufficient jurisdiction over this Defendant, insofar as (a) it has jurisdiction to cover cases exceeding $50,000.00 demand,[1] and (b) under the Massachusetts "Long-Arm Statute," i.e., Mass. Gen. Laws ch. 223A, § 3, the state court has proper jurisdiction. The Massachusetts Long-Arm Statute provides for jurisdiction "as to a cause of action" arising from the following:

(a) transacting any business in this commonwealth;

(b) contracting to supply services or things in this commonwealth;

(c) causing tortious injury by an act or omission in this Commonwealth.

Plaintiff states that all the above requirements are met in this instant action. First, the Complaint establishes several business transaction between the defendants and the Plaintiff in Massachusetts through telephone calls and e-mails prior to the plaintiff's appearance on Piers Morgan Uncensored on June 25, 2005. Second, both the Youtube program in question as well as the five separate media posts by the Defendants, on Facebook, Instagram, Tik Tak, X, and Youtube, were disseminated on the internet covering the Commonwealth of Massachusetts. The Defendants provided services through their

---

[1] https://www.mass.gov/info-details/massachusetts-law-about-drafting-a-complaint-in-massachusetts.

Youtube and other postings in this Commonwealth and, third, they caused tortious injury, i.e., reputational injury, on the Plaintiff by their acts.

**Legal Argument**

The courts in the First Circuit have emphasized determining where the defendants "intended [the effect of the statements] to be felt." this puts the focus on the intended recipient of the speech." *Cohane v. Nat'l Collegiate Athletic Ass'n*, No. 14-10494-RGS, 2014 WL. 1820782, at *1 (*D*. Mass. May 8, *2014*)., at *3 ("In the context of a defamation claim, 'purposeful availment' is determined by where the effects of the defamatory statements areintended to be felt." (quoting Calder v. Jones, 456 U.S. 783, 788–90 (1984))); Plixer Int'l, Inc. v. Scrutinizer GmbH, 293 F. Supp. 3d 232, 238 (D. Me. 2017), aff'd, 905 F.3d 1 (1st Cir. 2018) ("[T]he focus is on the defendant's intentions." (internal quotation omitted). 4

First, the plaintiff's claim must directly arise from or relate to the defendant's activities in the forum. Second, the defendant's forum-state contacts must "represent a purposeful availment of the privilege of conducting activities in that state." Third, the exercise of specific jurisdiction in the forum must be reasonable under the circumstances. Kuan Chen v. U.S. Sports Acad., Inc., 956 F.3d 45, 59 (1st Cir. 2020), quoting Scottsdale Cap. Advisors Corp. v. The Deal, LLC, 887 F.3d 17, 20 (1st Cir. 2018). The court's analysis starts and ends with the second requirement, purposeful availment. "'[T]he two cornerstones of purposeful availment' are 'voluntariness' and 'foreseeability.'" PREP Tours, Inc. v. Am. Youth Soccer Org., 913 F.3d 11, 19-20 (1st Cir. 2019), quoting Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 207 (1st Cir. 1994). Defendants foresaw this lawsuit as a result of their tortious

action, e.g., Defendant Morgan responded to Plaintiff's threat of a lawsuit by stating "I look forward to receiving it."

Plaintiff states that the Court should have allowed Plaintiff's Motion for Jurisdictional Discovery that, among other things, would have established that the Defendant's attorney Rachel Strom deliberately misled the court by stating that all the defendants live abroad in UK. A hearing on this matter, as requested by the Plaintiff, should have been held, which would have given the Plaintiff the opportunity to establish the relevance of Massachusetts Long-Arm Statute justifying a partial remand to the state court, which has proper jurisdiction to entertain multi-million dollar demand level complaints, as well as jurisdiction over a US permanent resident who has conducted business transaction in Massachusetts and who is also responsible for tortious injury to the Plaintiff residing in Massachusetts.

WHEREFORE, Plaintiff prays the Court to issue a certification of the above-said matter for the purpose of an interlocutory appeal. Plaintiff also demands that until the appeal court's ruling on this matter, the Court's Order of Dismissal on November 25, 2025 be placed on abeyance, pending the appellate court's decision on Plaintiff's Motion to remand to the state court.

Respectfully Submitted,

*/s/ K. L. Afrasiabi*

Kaveh L. Afrasiabi, Pro Se